Justice Scalia,
concurring.
I join the opinion of the Court and write separately only to make express what seems to me implicit in its analysis.
The reason we say that the right not to be sued elsewhere than in Naples is “adequately vindicable,” ante, at 501, by merely reversing any judgment obtained in violation of it is, quite simply, that the law does not deem the right important enough to be vindicated by, as it were, an injunction against its violation obtained through interlocutory appeal. The importance of the right asserted has always been a significant part of our collateral order doctrine. When first formulating that doctrine in Cohen v. Beneficial Industrial Loan Corp., 337 U. S. 541 (1949), we said that it permits interlocutory appeal of final determinations of claims that are not only “separable from, and collateral to, rights asserted in the action,” but also, we immediately added, “too important to be denied review.” Id., at 546 (emphasis added). Our later cases have retained that significant requirement. For example, in Abney v. United States, 431 U. S. 651 (1977), we said that in order to qualify for immediate appeal the order must involve “an important right which would be ‘lost, probably irreparably,’ if review had to await final judgment.” Id., at 658 (emphasis added), quoting Cohen, supra, at 546. And in Coopers & Lybrand v. Livesay, 437 U. S. 463 (1978), we said that the order must “resolve an important issue completely separate from the merits of the action.” Id., at 468 (emphasis added). See also Van Cauwenberghe v. Biard, 486 U. S. 517, 522-527 (1988); Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U. S. 271, 276-277 (1988); Richardson-Merrell Inc. v. Koller, 472 U. S. 424, 431 (1985); Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U. S. 1, 12 (1983); Nixon v. Fitzgerald, 457 U. S. 731, 742 (1982).
While it is true, therefore, that the “right not to be sued elsewhere than in Naples” is not fully vindicated ^indeed, to be utterly frank, is positively destroyed — by permitting *503 the trial to occur and reversing its outcome, that is vindication enough because the right is not sufficiently important to overcome the policies militating against interlocutory appeals. We have made that judgment when the right not to be tried in a particular court has been created through jurisdictional limitations established by Congress or by international treaty, see Van Cauwenberghe, supra. The same judgment applies — if anything, a fortiori — when the right has been created by private agreement.